IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

NICOLE YVETTE WINSTON  \*
      Plaintiff,
  v.  \*  Civil Action No. PWG-17-3493

U.S. DEPARTMENT OF JUSTICE  \*
FEDERAL BUREAU OF
   INVESTIGATIONS  \*
      Defendants.
              \*\*\*\*\*

## MEMORANDUM OPINION

On November 21, 2017, Nicole Yvette Winston, a resident of Fort Washington, Maryland, acting without an attorney, filed suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) against the U.S. Department of Justice ("DOJ") and Federal Bureau of Investigations ("FBI"). She claims that these agencies have failed to provide her information relating to "any Maryland government-supported 'programs' against [her]." Compl. 1, ECF No. 1. It is Ms. Winston's belief that the DOJ and FBI are aware of a malicious government-supported conspiracy against her and that that information "is being improperly withheld under [her] FOIA request." She contends that she has been subject to harassment and harm over the past 16 years, such as when (1) her drinks allegedly were tampered with in 2002 while working for the Air Force Review Boards Agency, and (2) her food, drink, cosmetic products, prescription and non-prescription medications allegedly were tampered with on unspecified dates. *Id.* at 3. She contends that she has experienced adverse effects including significant facial weight loss, severe itchy skin, and significant body mass changes based upon her consumption of the contaminated products, which she theorizes could only

be done by a medical group or "some sort of government entity." *Id.* at 4. Ms. Winston discusses her health and claims that she experienced unidentified harm and harassment from December 2007 to December 2014. She describes the numerous complaints she filed with a local 311 website and medical boards in Maryland and the District of Columbia from September of 2008 to October of 2015. *Id.* at 4–5. She seeks to enjoin Defendants from withholding agency records and to have agency records produced. *Id.* at 6.

The Complaint was accompanied by a motion for leave to proceed in forma pauperis. ECF No. 2. Ms. Winston shall be granted leave to proceed without prepayment of the filing fee. Her Complaint, however, shall be summarily dismissed.

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. *See Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).[1] Indeed, this Court must conduct a preliminarily review of complaint allegations before service of process and dismiss them if satisfied that the Complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Title 28 U.S.C. Section 1915(e)(2)(B) provides:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
        (B) the action or appeal—
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or

In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted).

*Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." 490 U.S. at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "*shall* dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the

---

        (iii) seeks monetary relief against a defendant who is immune from such relief.

development of a potentially meritorious case, *see Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a self-represented complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Even giving it a generous review, I find it appropriate to dismiss Ms. Winston's Complaint. *See Twombly*, 550 U.S. at 570 (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke*, 490 U.S. at 325–28. Ms. Winston presents a plethora of claims which are completely implausible and made without any viable factual supporting allegations. It is appropriate to dismiss his action under 28 U.S.C. § 1915(e)(2)(b)(ii).

For the reasons set out herein, the Complaint shall be summarily dismissed by separate Order.

Date: December 19, 2017

Paul W. Grimm
United States District Court Judge